UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

JODI SCHWARTZ,

    *Plaintiff,*

v.

CYNOSURE, LLC,

    *Defendant.*

_____/

## NOTICE OF REMOVAL[1]

Defendant, CYNOSURE, LLC ("Cynosure"), hereby removes this case from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, on the grounds of diversity of citizenship. In support of this removal, Cynosure states as follows:

### I. INTRODUCTION

1. On or about January 10, 2024, Plaintiff, Jodi Schwartz ("Plaintiff"), filed an action against Cynosure, in the Circuit Court of the Sixth Judicial Circuit in

---

[1] This Notice of Removal is filed without prejudice to, subject to, and with express reservation of Defendant's rights to move to compel this matter to individual arbitration in accordance with the Parties' valid and enforceable arbitration agreement requiring Plaintiff to submit her claims to arbitration.

and for Pinellas County, Florida, styled *Jodi Schwartz v. Cynosure, LLC*, Case No. 522024CA000155XXCICI (hereafter referred to as the "State Court Action").

2. Plaintiff's Complaint contains the following three (3) Counts: (1) Age Discrimination in Violation of the Florida Civil Rights Act ("FCRA") (Count I); (2) Sex Discrimination in Violation of the FCRA (Count II); and (3) Retaliation in Violation of the FCRA (Count III).

3. On January 10, 2024, counsel for Plaintiff sent Cynosure a copy of the Complaint filed in the State Court Action and asked if Cynosure would waive service. Thereafter, Plaintiff's counsel provided undersigned counsel with a proposed waiver of service which, after agreed revision, was signed on Cynosure's behalf on February 7, 2024. Ex. A.[2]

4. A true and correct copy of all process and pleadings filed in the State Court Action to the time of this filing, along with the docket from the State Court Action, are attached hereto as Composite Exhibit B.

5. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and it is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action between citizens

---

[2] Pursuant to the waiver of service, Defendant's response to the Complaint is due on March 18, 2024.

of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. A copy of the filed Complaint in the State Court Action was sent to Cynosure on January 10, 2024, and, on January 16, 2024, Plaintiff's counsel provided the proposed waiver of service. These actions constituted Cynosure's first notice of the State Court Action. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Cynosure received a copy of the initial pleading in the State Court Action through service or otherwise.

7. Pursuant to 28 U.S.C. §1446(a), the District and Division where this action is pending is the United States District Court for the Southern District of Florida, Tampa, and Cynosure properly seeks to remove this action to this Court.

8. Pursuant to 28 U.S.C. § 1446(d), Cynosure will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II. JURISDICTION AND VENUE

### A. Venue

9. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. §1446(a), as it is the District Court embracing the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. *See* 28 U.S.C. §89(c).

**B. Jurisdiction**

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy, exclusive of interest and costs, exceeds the required jurisdictional amount, and there is complete diversity of citizenship between Plaintiff and Defendant.

### III. THE DEFENDANT IS DIVERSE

11. In order to qualify for diversity jurisdiction, there must be complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

12. In her Complaint, Plaintiff alleges she "was/is a citizen of the United States [and] a resident of Pinellas County, Florida, sui juris." *See* Compl., ¶ 3. Accordingly, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction.

13. Plaintiff fails to plead any specific information about Cynosure's citizenship but recognizes that it is foreign to Florida. *See* Compl., ¶ 6 (Cynosure "was a foreign limited liability corporation doing business in this judicial district").

14. Cynosure is a limited liability company. *See* Ex. C at ¶ 3. A limited liability company is considered a citizen of every state of which its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

15. At the time the action was filed and at the time of removal, the sole member of Cynosure, LLC was and is Lotus Buyer, Inc. ("Lotus"). Lotus was incorporated under the laws of the State of Delaware and, at the time the action was filed and at the time of removal, had its principal place of business in Delaware, where its corporate headquarters is located and from which it directs its operations. *See* Ex. C at ¶ 4. [3]

16. Therefore, Cynosure is a citizen of Delaware for purposes of diversity.

17. Accordingly, because Cynosure is a citizen of Delaware, complete diversity of citizenship exists between Plaintiff and Cynosure at the time of removal for the purposes of 28 U.S.C. § 1332(a)(1).

---

[3] As a corporation, Lotus is deemed to be a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

## IV.     THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY THRESHOLD

18. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00."

19. In the Eleventh Circuit, where a plaintiff has made an unspecified demand for damages, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement ($75,000.00). *See Tapscott v. MS Dealer Service, Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); 28 U.S.C. §§ 1332 and 1441. This is a "relatively low burden." *Fuller v. Exxon Corp.*, 78 F. Supp.2d 1289, 1297 (S.D. Ala. 1999). Where the jurisdictional amount is not facially apparent from the Complaint, the Court may consider facts set forth in the removal petition. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).[4]

---

[4] When a plaintiff's damages are unspecified, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id*. at 1062 (explaining that preventing courts from acknowledging the value of a claim, merely because it is unspecified by the plaintiff, would force courts to abdicate their statutory right to hear a case); *see also Buckles v. Coombs*, 2017 WL 38801, at *4 (M.D. Fla. Jan. 4, 2017).

20. The amount in controversy requirement is satisfied in this case because both the settlement demand Plaintiff served in this case and an analysis of the damages alleged in Plaintiff's Complaint make clear that the amount in controversy far exceeds the $75,000 threshold.

**A. Plaintiff's Initial Settlement Demand Establishes the Amount In Controversy**

21. On August 17, 2023, counsel for Plaintiff conveyed Plaintiff's initial demand, which was **$300,000** (hereafter "Initial Demand"). Exhibit D (attachments excluded). Plaintiff provided the following reasoning for the amount she demanded:

> "[Plaintiff] was earning over $500k annually with Cynosure. Since then, she has had a significant reduction in pay. She was unemployed for over a month and then started working at another company (Aesthetic Biomedical) where she earned about $48,000 total from December 1, 2022 - April 14, 2023. She then worked at Professional Staffing from April 17 - May 12, 2023, earning about $10,000. Some documents showing her drop in pay are attached.
>
> [Plaintiff] is still suffering emotionally from what happened at Cynosure and it has impacted her ability to work with others, so she has now elected to start her own company and provide 1099 work for Kimera labs. She now pays her own health insurance as well. She had to put up for sale her apartment in Clearwater and purchased a cheaper condo in Miami. She is currently living off of her savings account as she has not been able to hold down a job due to depression and anxiety."

Ex. D.[5]

22.   Plaintiff's Initial Demand contains detailed and particularized information concerning Plaintiff's claimed injuries.[6] *See* Ex. D; *Reeves,* No. 1:22-CV-00356-RAH, 2022 WL 4391498, at *1 (defendant established by a preponderance of evidence that jurisdictional requirement was met after considering the settlement demand letter because it contained detailed information concerning plaintiff's injuries); *Ingram v. Hobby Lobby Stores, Inc.*, No. 1:19-cv-183, 2019 WL 3346483 (M.D. Ala. July 25, 2019) (denying remand because settlement demand letter contained sufficient concrete information regarding plaintiff's damages to satisfy the $75,000 jurisdictional threshold). Moreover, the Initial Demand reiterates that Plaintiff is "still suffering emotionally," which implies that her injuries are ongoing, and the amount may be even more. *See* Ex. D; *Gallion v. Zoe's Restaurants, LLC*, 524 F. Supp. 3d 1236, 1243 (M.D. Ala. 2021) (reasoning that plaintiff's insistence that he is "still receiving medical treatment" implies the amount may be

---

[5] Written settlement demands can be considered by a federal district court for purposes of determining whether the court has diversity jurisdiction over a particular dispute. *Reeves v. Waffle House, Inc.*, No. 1:22-CV-00356-RAH, 2022 WL 4391498, at *1 (M.D. Ala. Sept. 22, 2022). Particularly, like here, "offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id.*; *see also Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777, 2015 WL 9315658, at * 9 (M.D. Ala. Dec. 3, 2015) (citation omitted), report and recommendation adopted, No. 2:15-CV-777, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015) ("A settlement demand adds monetary weight to the amount in controversy when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim.").

[6] For instance, Plaintiff indicates that she continues to suffer from depression, emotional distress, mental anguish, and an overall sense of humiliation. *See* Ex. D.

even and ultimately finding defendant established the amount in controversy is over $75,000).

**B.     Plaintiff Seeks Damages Totaling More Than $75,000**

23.     Even setting aside the Initial Demand, it is clear the amount in controversy exceeds $75,000.

24.     The claims against Defendant are based on the Florida Civil Rights Act, which authorizes courts to award back pay, front pay, compensatory damages, punitive damages, declaratory relief, and attorneys' fees and costs. Fla. Stat. §760.11(5). In accordance with the FCRA, Plaintiff seeks "back wages, compensatory damages, punitive damages, and costs and attorneys' fees to remedy sex and age discrimination, and retaliation." *See* Compl., ¶ 1. Plaintiff also asserts in the Complaint that she is requesting "all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper." *See* Compl. at WHEREFORE Clauses for Counts I-III.

25.     Here, Plaintiff's back wages alone exceed the jurisdictional threshold of $75,000. Plaintiff's annual salary totaled $195,000, equivalent to $3,750 per week. *See* Ex. C at ¶ 5.

26. From October 21, 2022 (the date that Plaintiff's employment at Cynosure ended)[7] through an estimated trial date of February 10, 2025 (one year from the date of removal),[8] Plaintiff has potential unmitigated back pay of $450,000,[9] without any accounting for potential front pay, non-monetary fringe benefits, compensatory damages, punitive damages, or attorney's fees.[10]

27. Compensatory and punitive damages must be considered when calculating the amount in controversy. *See Cunningham Lindsey*, 2005 U.S. Dist. LEXIS 38862, *16-17; *Awad v. Cici Enterprises*, 2006 U.S. Dist. LEXIS 71998, *3-4 (M.D. Fla. Oct. 3, 2006). The claims for compensatory and punitive damages alone establish the amount in controversy is over $75,000 in this case. *See Booker*, 2017 U.S. Dist. LEXIS 220781 at *10-11 ("based on punitive damages alone, the amount in controversy exceeds $75,000"; FCRA case).

28. Compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum. *See generally, Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, 2007 WL 2774250 (S.D. Fla. 2007) (general allegations of pain, mental anguish, scarring, disfigurement, loss of

---

[7] *See* Compl., ¶19.
[8] A reasonable estimate of a trial date would be approximately one year from the date of removal.
[9] This figure is determined by multiplying $3,750 by the number of weeks (120) between October 21, 2022, and February 10, 2025.
[10] *See Risk v. JetBlue Airways Corp.*, 2017 U.S. Dist. LEXIS 62542, *9 (S.D. Fla. Apr. 24, 2017) (in examining the amount in controversy, back pay should be calculated from date of termination through trial date).

enjoyment of life, medical expenses, etc. sufficient to put defendant on notice that jurisdictional minimum was satisfied). Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy. *Cunningham Lindsey*, 2005 U.S. Dist. LEXIS 38862, *17 (citing *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000)).[11]

29. Plaintiff also seeks to recover punitive damages from Defendant, a potential remedy that the FCRA expressly identifies (and caps at a maximum of $100,000). *See* Fla. Stat. §760.11(5); Compl. at ¶1 and WHEREFORE clauses for Counts I-III. By their very nature, punitive damages awards can be significant and, in some employment discrimination cases, may exceed $75,000.[12] Based on the fact that Plaintiff seeks punitive damages in this employment discrimination case, and up to $100,000 can be awarded, it is reasonable to expect the punitive damages alone will meet or exceed the jurisdictional requirement if a jury believes Plaintiff's claims. *See Cowan v. Genesco, Inc.*, 2014 U.S. Dist. LEXIS 95412, n.7 (M.D. Fla. Jul. 14, 2014) (denying motion for remand and recognizing that *McDaniel v. Fifth*

---

[11] In *Munoz*, which involved a claim under the FCRA, the Eleventh Circuit affirmed an award of $150,000 in damages for emotional distress.

[12] *See, e.g.*, *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1282-85 (11th Cir. 2008) (affirming punitive damages award of $500,000); *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1003 (8th Cir. 2000) (affirming $260,000 punitive damages award); *Dawson v. The Martin Brower Co.*, JVR No. 801043, 1998 WL 1547997 (S.D.Fla. 1998) (jury verdict for $250,000 in race discrimination matter); *see also Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, *17 (M.D. Fla. May 11, 2005) (denying motion for remand of FCRA sex discrimination and retaliation claim; punitive damages and emotional distress claims increased the amount in controversy well above the $75,000 jurisdictional threshold).

*Third Bank*, 568 Fed. Appx. 729 (11th Cir. 2014) "can be read as supporting the conclusion that a plaintiff's mere request for punitive damages under the FCRA, given the $100,000 statutory limit, would satisfy the amount in controversy").

30. Plaintiff further alleges that Cynosure is liable for her attorney's fees pursuant to the FCRA. *See* Compl. at ¶1 and WHEREFORE clauses for Counts I-III. Therefore, a reasonable estimate of such fees is included in assessing the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy"). Given the scope of Plaintiff's allegations, "garden variety" attorney's fees of $40,000 to $50,000 are a very conservative estimate of this potential component of the amount in controversy in this case.[13]

31. Considering the cumulative value of Plaintiff's claims for compensatory damages, punitive damages, and attorney's fees alone, Plaintiff's claims, though vigorously contested by Cynosure, will more than likely involve an amount in controversy in excess of $75,000, exclusive of interests and costs. *See, e.g., Wells v. Gulfside Supply Inc.*, 2011 Jury Verdicts LEXIS 214386 (Fla. Cir. Ct.

---

[13] The Court can take judicial notice that attorney's fees sought in similar employment termination cases in Florida routinely approach or exceed the $75,000 threshold. *See, e.g., Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, *4-7 (M.D. Fla. Mar. 23, 2007) (estimate of $40,000 for attorney's fees in Jacksonville employment discrimination case was "conservative").

Feb. 24, 2011) (jury verdict in race discrimination case included compensatory damages of $75,000 and punitive damages of $68,000); *Gaitor v. Worldwide Flight Serv.*, 2004 WL 6018707 (jury awarded $50,000 for emotional pain and mental anguish and $75,000 for punitive damages in race discrimination case for violation of Florida Civil Rights Act).

32.     Finally, Plaintiff does not specifically allege in the Complaint that she seeks declaratory or injunctive relief but checks off the box for "nonmonetary declaratory or injunctive relief" in the Civil Cover Sheet she filed in the State Court Action. *See* Ex. B. That nonmonetary declaratory or injunctive relief also has a value that should be considered as part of the amount in controversy. *See MRI Scan Ctr., LLC v. Nat'l Imaging Assocs.*, 2017 U.S. Dist. LEXIS 12356, *4 (S.D. Fla. Jan. 30, 2017). In a Florida Civil Rights Act claim, injunctive relief previously awarded has included reinstatement. *See Broward County v. Meiklejohn*, 936 So. 2d 742 (Fla. 4th DCA 2006). If Plaintiff were awarded reinstatement, considering a rate of $3,750 per week and estimating that she would remain employed for at least one year, that would have a value of $195,000 in one year.

33.     In sum, as pled, the damages sought in Plaintiff's Complaint have the following values: (1) compensatory damages of at least $75,000; (2) punitive damages of at least $75,000; (3) attorney's fees of at least $40,000 to $50,000; (4) potential unmitigated back pay of $450,000; and (5) injunctive relief with a value of

approximately $195,000. Those amounts collectively well exceed the $75,000 jurisdictional limit. Even excluding back pay and injunctive relief not specifically pled, the amount in controversy is more than $75,000.

34.     Ultimately, the Initial Demand in conjunction with the damages she is seeking in her Complaint establish that the amount in controversy is in excess of $75,000, exclusive of interests and costs. *Sturkie v. Lovvorn*, No. 1:16-CV-01375-JEO, 2016 WL 10043466, at *2 (N.D. Ala. Nov. 14, 2016) (finding that based on plaintiff's $100,000.00 settlement demand and the various categories of damages she identified in her complaint, defendant proved by a preponderance of the evidence that, at the time of removal, the amount-in-controversy threshold under 28 U.S.C. § 1332(a) was met and that removal of the case was proper); *see also Hardesty v. State Farm Mut. Auto. Ins. Co.*, 609-CV-735-ORL-31KRS, 2009 WL 1423957, at *3 (M.D. Fla. May 18, 2009) (finding minimum jurisdictional amount met based on settlement demand); *Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) ("[Settlement] letter is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand").

WHEREFORE, Cynosure hereby removes this case from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, and respectfully requests that the

Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

DATED this 9th day of February 2024.   Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500

By: */s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No.: 12041
E-mail: smederos@littler.com
Pooja K. Patel, Esq.
Florida Bar No.: 1025059
E-mail: ppatel@littler.com

*COUNSEL FOR CYNOSURE*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this 9th day of February 2024, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will automatically send a Notice of Electronic Filing to Counsel of Record.

*/s/Stefanie M. Mederos*
Stefanie M. Mederos

# **SERVICE LIST**

Chad E. Levy, Esq.
F.B.N. 0851701
Harris Nizel, Esq.
F.B.N. 0807931
Law Offices of Levy & Levy, P.A.

2844 North University Drive

Coral Springs, Florida 33065

Telephone: (954) 763-5722

Facsimile: (954) 763-5723

Service Email: chad@levylevylaw.com;
 harris@levylevylaw.com
 assistant@leyyleyylaw.com
Via CM/ECF

*Counsel for Plaintiff*

4892-5329-2963.6 / 106044-1021